UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. DORSEY,<br><br>              Plaintiff,<br><br>    v.<br><br>D. MOORE, et al,<br><br>              Defendant. | 1:15-cv-00064-DAD-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 32) |

Plaintiff Mark E. Dorsey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's first amended complaint against Correctional Officers Moore, Martin and Cano for excessive force in violation of the Eighth Amendment, and against Correctional Officer Morelock and Correctional Sergeant Pease for failure to intervene in the use of excessive force in violation of the Eighth Amendment. (ECF No. 7.)

On March 28, 2016, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 32.) He notes he is a layman at the law, is receiving mental health treatment, and has difficulty concentrating, which can result in anxiety, stress, fatigue, and weight loss. Plaintiff also states that he requires the assistance of counsel with discovery procedures and motions, particularly to help him gather evidence about and investigate his claims.

///

1

1    Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v.
2    Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to
3    represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for
4    the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in
5    certain exceptional circumstances, the Court may request the voluntary assistance of counsel
6    pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing
7    and compensating counsel, the court will seek volunteer counsel only in the most serious and
8    exceptional cases. In determining whether "exceptional circumstances exist, the district court
9    must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to
10   articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. (internal
11   quotation marks and citations omitted).

12   In the present case, the court does not find the required exceptional circumstances. Even if
13   it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
14   which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with
15   similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a
16   determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
17   in this case, the court does not find that Plaintiff cannot adequately articulate his claims. <u>Id</u>.

18   The case law Plaintiff cites, <u>Palmer v. Valdez</u>, 560 F.3d 965 (9th Cir. 2009), does not
19   affect the Court's ruling here. In that case, the plaintiff requested counsel arguing that he was
20   likely to succeed on the merits, he had pain which limited his ability to prepare for trial, and he
21   had been denied access to his legal documents. The district court proceeded to confirm that the
22   plaintiff had sufficient access to his legal documents to prepare his case, and found with adequate
23   breaks, he was able to sufficiently prosecute his case, including at trial. The district court thus
24   denied that plaintiff's request to appoint counsel. On appeal, the Ninth Circuit in <u>Palmer</u> found
25   that the district court's denial of the request to appoint counsel was not an abuse of discretion in
26   those circumstances.

27   As noted above, Plaintiff in this case is at an early stage in the proceedings, has been able
28   to adequately articulate the basis for his claims, and has not otherwise shown any exceptional

2

circumstances warranting the appointment of counsel at this time. <u>Palmer</u> does not support his request for appointed counsel.

      For the foregoing reasons, Plaintiff's motion for the appointment of counsel (ECF No. 32) is HEREBY DENIED, without prejudice. The Court notes that Defendants have filed a motion to compel interrogatory responses, (ECF No. 30), and a response to that motion by Plaintiff is currently due on or before April 25, 2016. Plaintiff's timely response is expected.

IT IS SO ORDERED.

    Dated: **April 5, 2016**　　　　　　　　　　/s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE