UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. DORSEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. MOORE, et al,<br><br>　　　　Defendant. | 1:15-cv-00064-DAD-BAM (PC)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO COMPEL<br><br>(ECF No. 36)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE DISCOVERY MOTION<br><br>Discovery Deadline (including for filing any motions to compel): **April 25, 2016** |

　　　　Plaintiff Mark E. Dorsey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 30, 2016, Defendants B. Pease, C. Morelock, D. Moore, J. Martin and A. Cano filed a motion to compel interrogatory responses, and request for an extension of the discovery and dispositive motion deadlines. (ECF No. 30.) Plaintiff's response to this motion is due on or before April 25, 2016. Local Rule 230(l).

　　　　On April 14, 2016, Plaintiff filed a request for an extension of time to file a response to Defendants' motion to compel, and to file a "Pitchess motion." (ECF No. 36.) In Plaintiff's

1

1   motion, supported by a declaration signed under penalty of perjury, he states that he is not well-
2   versed in the law, and has four hours a week of law library access. He requests a thirty (30) day
3   extension to file a response to Defendants' motion to compel, and to file a Pitchess motion, or a
4   motion to compel Defendants to release their history of past complaints.

5   First, the Court reminds Plaintiff that this action is proceeding in federal district court,
6   pursuant to a claim he brings under a federal statute, 42 U.S.C. § 1983. Therefore, California state
7   law dealing with evidentiary procedures, such as the Pitchess motion process, is generally not
8   relevant to any discovery disputes before this Court. The Court is further unaware of any
9   authority suggesting that California's Pitchess motion process is applicable in federal court.
10  Instead, in federal court, federal law and the federal rules of civil procedure and evidence, govern
11  these proceedings.

12  Second, to the extent Plaintiff seeks an extension of time to file a motion to compel, that
13  request is denied for lack of good cause shown. Fed. R. Civ. P. 16(b)(4). The August 25, 2015
14  discovery and scheduling order issued in this case expressly informed the parties that any request
15  for an extension of any deadline in that order would only be granted on a showing of good cause.
16  (ECF No. 19, p. 3.) Plaintiff has provided no explanation for why he has been or will be unable to
17  file the motion he contemplates before the April 25, 2016 deadline for such a motion in this
18  matter. Despite Plaintiff's pro se status and the fact that the Court will liberally construe his legal
19  arguments, he must comply with the deadlines in this matter, all court orders, and all procedural
20  requirements. See Carter v. Comm'r, 784 F.2d 1006, 1008–09 (9th Cir.1986) (noting that pro se
21  plaintiffs must follow the rules of the court). Plaintiff's four hours per week of law library access
22  does not show that he has inadequate access to prepare such a motion, under the circumstances
23  presented. If Plaintiff chooses to file an untimely motion after the April 25, 2016 deadline, he
24  must show good cause for doing so.

25  Finally, Plaintiff's request for an extension of time to file a response to Defendants'
26  motion to compel is also denied for lack of good cause shown. Fed. R. Civ. P. 16(b)(4). Contrary
27  to Plaintiff's assertion that the motion is particularly complex, it raises two straightforward, main
28  arguments: (1) that Plaintiff has answered certain interrogatories by stating his investigation

continues, which Defendants contend is an inadequate response; and (2) that Plaintiff has answered an interrogatory asking him to describe his alleged injuries by only referring to documents, which Defendants also contend is inadequate. (ECF No. 30-1, pp. 2-4.) As noted above, Plaintiff admits to four hours per week of law library access, and this is adequate, under the circumstances he has presented, to allow him to address Defendants' motion. As a result, Plaintiff is ordered to file a response to Defendants' motion to compel within fourteen (14) days of being served with this order.

For the foregoing reasons, the Court HEREBY ORDERS that:

1. Plaintiff's motion for an extension of time (ECF No. 36) is DENIED;

2. The deadline for completing discovery, including filing any motions to compel, remains **April 25, 2016**;

3. Plaintiff is ordered to file a response to Defendants' motion to compel within **fourteen (14) days** of being served with this order; and

4. **The failure to comply with this order may result in sanctions, including up to the dismissal of this action**.

IT IS SO ORDERED.

Dated:   **April 21, 2016**              /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE