UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. DORSEY,<br><br>    Plaintiff,<br><br>    v.<br><br>D. MOORE, et al,<br><br>    Defendant. | 1:15-cv-00064-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' APPLICATION FOR AN EXTENSION OF DISCOVERY DEADLINE FOR LIMITED PURPOSE OF TAKING DEPOSITION AND FILING A SECOND MOTION TO COMPEL<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF THE DISPOSITIVE MOTION DEADLINE<br><br>(ECF No. 37) |

    Plaintiff Mark E. Dorsey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 30, 2016, Defendants B. Pease, C. Morelock, D. Moore, J. Martin and A. Cano filed a motion to compel interrogatory responses, and request for an extension of the discovery and dispositive motion deadlines. (ECF No. 30.) On April 20, 2016, Defendants filed an application for an extension of the discovery and dispositive motion deadline. (ECF No. 37.) The application is supported by a declaration of counsel. (Id. at 5-6.)

    Defendants note that their April 20, 2016 application seeks some of the same relief as their previous motion, but they filed it anyway in an abundance of caution. (ECF No. 37, p. 3

1

n. 1.) Plaintiff has not yet had an opportunity to respond to this application, but the Court finds no response is necessary, and that Plaintiff will not be prejudiced by the consideration of the application. Local Rule 230(l).

Defendants note that Plaintiff's response to their motion to compel is overdue. By this Court's order, issued in the interim between Defendants' motion to compel and the current application, Plaintiff's response to the motion is now due on or before May 9, 2016. (ECF No. 38.) Defendants note that the motion to compel will not be resolved before the April 25, 2016 discovery deadline in this matter.

The motion to compel concerns Defendants' first set of special interrogatories, served on Plaintiff on or about February 11, 2016.[1] Defendants planned to take Plaintiff's deposition after receiving and reviewing Plaintiff's responses to that discovery. However, Defendants argue that Plaintiff did not fully respond to their discovery requests, and they were required to file a motion to compel. Now, Defendants must wait on the outcome of the motion to compel before deposing Plaintiff, because they could receive additional information pertinent to the deposition if any part of their motion is granted.

Also, Defendants argue that if any part of their motion to compel is granted and they receive additional discovery responses from Plaintiff, they may need to file an additional motion to compel based on those responses. Thus, Defendants request a sixty (60) day extension of the discovery deadline for the limited purposes of: (1) noticing and taking Plaintiff's deposition, and (2) filing a second motion to compel, if necessary.

Finally, Defendants note the dispositive motion deadline is July 5, 2016, but they argue that dispositive motions cannot be properly prepared until these discovery-related matters are resolved. Resolution of these matters may not occur before July 5, 2016. Therefore, Defendants seek an appropriate extension of the dispositive motion deadline, sufficient to allow for the preparation of those motions after these discover matters are complete.

---

[1] The Court notes that there appears to have been some initial delay by Defendants in seeking discovery from Plaintiff, but Defendants have been diligent since that discovery was served.

The Court finds Defendants have presented good cause for the requested extensions. Fed. R. Civ. P. 16(b)(4). Defendants have propounded written discovery and filed a motion to compel before the discovery deadline, but due to delays in resolving the motion to compel, the discovery deadline will pass before those matters are resolved. The Court takes no position on the merits of Defendants' motion to compel at this time, but finds that the outcome of that motion may affect Defendants' deposition of Plaintiff, and may affect whether Defendants will be required to file a second motion to compel.  Furthermore, as Defendants argue, these discovery-related matters must be resolved before dispositive motions can be properly prepared and filed.

For the foregoing reasons, the Court HEREBY ORDERS that:

1. Plaintiff's application for a limited extension of the discovery deadline and the dispositive motion deadline (ECF No. 37) is GRANTED;

2. Defendants must depose Plaintiff, and file a second motion to compel, if necessary, within sixty (60) days of service of this Court's order regarding Defendant's first motion to compel (ECF No. 30); and

3. The July 5, 2016 dispositive motion deadline set by the discovery and scheduling order in this matter, (ECF No. 19) is VACATED. The Court will re-set that deadline in a separate order following its order ruling on the pending motion to compel.

IT IS SO ORDERED.

Dated:   **April 22, 2016**            /s/ Barbara A. McAuliffe            
                                     UNITED STATES MAGISTRATE JUDGE