UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. DORSEY,<br><br>              Plaintiff,<br><br>       v.<br><br>D. MOORE, et al,<br><br>              Defendant. | 1:15-cv-00064-DAD-BAM (PC)<br><br>ORDER REGARDING DEFENDANTS' NOTICE OF WITHDRAWAL OF MOTION TO COMPEL<br>(ECF No. 42)<br><br>ORDER DIRECTING CLERK'S OFFICE TO TERMINATE DEFENDANTS' MOTION TO COMPEL<br>(ECF No. 30)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(ECF No. 40)<br><br>Dispositive motion deadline: **September 9, 2016** |

Plaintiff Mark E. Dorsey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's first amended complaint against Correctional Officers Moore, Martin and Cano for excessive force in violation of the Eighth Amendment, and against Correctional Officer Morelock and Correctional Sergeant Pease for failure to intervene in the use of excessive force in violation of the Eighth Amendment. (ECF No. 7.)

Currently before the Court are certain discovery-related motions and filings which require resolution, as explained below.

## I.  Defendants' Notice of Withdrawal of Motion to Compel

On March 30, 2016, Defendants B. Pease, C. Morelock, D. Moore, J. Martin and A. Cano filed a motion to compel interrogatory responses, and request for an extension of the discovery and dispositive motion deadlines. (ECF No. 30.) Shortly thereafter, the Court vacated the dispositive motion deadline pending its ruling on Defendants' motion to compel. (ECF No. 39.) The Court also granted Defendants a sixty (60) extension from the issuance of that ruling to take Plaintiff's deposition and to file a second motion to compel, if any. (Id. at 3.)

On May 11, 2016, Defendants filed a notice seeking to withdraw their first motion to compel, and for clarification on the discovery and dispositive motion deadlines. (ECF No. 42.) Defendants state that on or about May 2, 2016, they received Plaintiff's interrogatory responses that they had sought to compel. Defendants also suggest that the Court set a deadline of July 1, 2016 within which they must conduct Plaintiff's deposition and file any motion to compel regarding matters raised in that deposition, if any. Plaintiff has not responded to Defendants' notice of withdrawal, but no response is necessary, as Plaintiff is not prejudiced by having a motion against him withdrawn and having deadlines set. Local Rule 230(l).

The Court finds good cause to set the requested deadline here, as it is reasonable and efficient. Furthermore, the Court finds that it is prudent to set a deadline for the filing of dispositive motions (which applies to both parties), to ensure this litigation continues moving forward. Consequently, Defendants must conduct Plaintiff's deposition and file any second motion to compel, if required, by **July 1, 2016**.  The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust), is **September 9, 2016**.

## II.  Plaintiff's Motion to Compel

On May 5, 2016, Plaintiff filed a motion to compel. (ECF No. 40.) He seeks any surveillance footage, video, DVD memory card, and digital camera footage of the November 11, 2013 incident at issue. Plaintiff's motion is untimely since it was filed after the April 25, 2016 deadline for filing such a motion in this matter, pursuant to the Court's discovery and scheduling

order. (ECF No. 19.) Plaintiff was repeatedly and expressly warned that his motion would be untimely if it was filed after that date, and that if he chose to file an untimely motion, he must provide good cause for doing so. (Id. at 2; see also ECF No. 38.) Despite these warnings, Plaintiff provides no explanation for the lateness of his filing.

Defendants have responded to Plaintiff's motion. (ECF No. 41.) They note that the motion is untimely, but notwithstanding this issue, they agree to make arrangements to provide Plaintiff any responsive, non-confidential video for his viewing, in accordance with CDCR policies and procedures, within the next thirty (30) days. Plaintiff has not yet filed any reply to the response, but the Court finds that Plaintiff will not be prejudiced, since Defendants have agreed to provide him his requested discovery. Local Rule 230(l).

Accordingly, Plaintiff's motion is denied both because it is untimely, and because it is now moot.

### III.     Conclusion and Order

For the foregoing reasons, the Court HEREBY ORDERS that:

1. Defendants' Motion to Compel (ECF No. 30) shall be deemed WITHDRAWN;

2. Defendants must depose Plaintiff, and file a second motion to compel, if necessary, no later than **July 1, 2016**; and

3. Plaintiff's Motion to Compel (ECF No. 40) is DENIED;

4. Pursuant to agreement by Defendants, defense counsel SHALL make arrangements for Plaintiff to view non-confidential video footage of the November 11, 2013 incident at issue in this case, within thirty (30) days of the date of service of this order;

5. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust), is **September 9, 2016**; and

///
///
///
///

6. **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause**.

IT IS SO ORDERED.

   Dated:  **May 13, 2016**                            /s/ Barbara A. McAuliffe
                                                      UNITED STATES MAGISTRATE JUDGE