# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. DORSEY,<br><br>    Plaintiff,<br><br>v.<br><br>MOORE, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00064-DAD-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE TO COURT<br><br>(ECF No. 63) |

Plaintiff Mark E. Dorsey ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.

On November 10, 2016, a stipulation for joint voluntary dismissal of this action, with prejudice, was filed with the court. The stipulation was signed by Plaintiff and counsel for all Defendants. (ECF No. 59.) The stipulation stated that Plaintiff and Defendants had resolved the case in its entirety and therefore stipulated to a dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with each party to bear its own litigation costs and attorney's fees. (Id.) On November 16, 2016, the Court directed the Clerk of the Court to close this case pursuant to that stipulation. (ECF No. 62.)

Currently before the Court is Plaintiff's notice to the Court regarding an alleged breach of the settlement agreement in this action by CDCR officials, filed September 20, 2018. (ECF No. 63.) Although Plaintiff has not requested any action from this Court in response to his notice, the

1

Court finds it appropriate to address the notice as follows.

Plaintiff is informed that, to the extent he wishes to seek enforcement of the settlement agreement in this action, this Court is not the proper forum for such an action. Generally, when a district court dismissed an action with prejudice, as occurred here, federal jurisdiction ends and a dispute arising under the settlement agreement is a separate contract dispute that requires its own independent basis for jurisdiction. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016). However, courts do have the authority to enforce a settlement agreement while the litigation is still pending or when the settlement agreement is referenced in the dismissal order or the court has retained jurisdiction to enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); Kelly, 822 F.3d at 1085. But such ancillary jurisdiction exists only if the settlement agreement was "made part of the order of dismissal," by retaining jurisdiction over the agreement, "or by incorporating the terms of the settlement agreement in the order." Kokkonen v. Guardian Life Ins. Co. of Amer., 511 U.S. 375, 381 (1994).

Here, the parties entered into a stipulation of dismissal with prejudice, and this action was terminated on November 16, 2016. The Court did not retain jurisdiction. The joint stipulation and order directing the Clerk of the Court to close this action do not append a settlement agreement or incorporate the terms of the settlement. (ECF Nos. 59, 62.) Therefore, Plaintiff may not seek enforcement of the settlement agreement in this case.

To the extent Plaintiff alleges new violations of his constitutional rights, by the same or different defendants, the appropriate remedy is the filing of a new action. Again, this closed case is not the appropriate forum for those claims.

As set forth above, the Court acknowledges Plaintiff's notice to the Court, (ECF No. 63), and this action remains closed.

IT IS SO ORDERED.

Dated: **September 21, 2018**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2